FILED
United States Court of Appeals
Tenth Circuit

**April 22, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RICKY RAY CRESPIN,

Defendant-Appellant.

No. 08-4058
D.C. No. 1:07-CR-00043-TC-001
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, Chief Judge, **McWILLIAMS** and **GORSUCH**, Circuit Judges.

---

Following the discovery of a firearm during the warrantless search of a vehicle in which Ricky Ray Crespin was a passenger, Mr. Crespin was indicted on one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Mr. Crespin filed a motion to suppress the firearm, contending that the police lacked reasonable suspicion for the investigative stop and his

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

subsequent detention. *See* Rec. vol. I, doc. 37 (Order filed Nov. 28, 2007). The district court held an evidentiary hearing, and heard oral arguments on the motion, before concluding that "[the Officer] had a reasonable suspicion that the [vehicle] was involved in criminal activity to justify stopping the vehicle . . . [and] there was reasonable concern for officer safety to justify the brief detention." *Id*. at 7. Accordingly, the district court denied Mr. Crespin's motion to suppress.

Evaluating the totality of the circumstances in the instant case–giving due weight to the factual inferences drawn by Officer Huckaby, the police officer responsible for the investigatory stop, and those of the district court–we conclude that Officer Huckaby possessed specific and articulable facts sufficient to render the stop reasonable within the meaning of the Fourth Amendment. Accordingly, we affirm.

**✳✳✳**

A jury convicted Mr. Crespin of possessing a firearm as a convicted felon, and the district court sentenced him to 120 months' imprisonment. On appeal, Mr. Crespin argues that the warrantless search violated his Fourth Amendment rights because the executing officer relied only on "broad, non-specific criteria in making the stop, and lacked a particularized basis sufficient to justify a *Terry*

stop."** *See* Aplt's Br. at 7; *see also Terry v. Ohio*, 392 U.S. 1 (1968)).

Beginning with *Terry v. Ohio*, the United States Supreme Court has recognized that "a law enforcement officer's reasonable suspicion that a person may be involved in criminal activity permits the officer to stop the person for a brief time and take additional steps to investigate further." *Hiibel v. Sixth Jud. Dist. Ct.*, 542 U.S. 177, 185 (2004). Indeed, the Supreme Court has recognized that detention of both suspects and non-suspects may be necessary in some instances to ensure officer safety and control over a crime scene. *See United States v. King*, 990 F.2d 1552, 1560 (10th Cir. 1993). To be constitutionally valid, the officer's action must be "justified at its inception, and . . . reasonably related in scope to the circumstances which justified the interference in the first place." *United States v. Sharpe*, 470 U.S. 675, 682 (1985) (internal citations omitted).

As in all appeals from a district court's order on a motion to suppress, we approach Mr. Crespin's appeal viewing the evidentiary record in the light most favorable to the district court's ruling and accepting its factual findings unless clearly erroneous. We assess de novo the legal questions of whether a seizure occurred and whether it was reasonable under the Fourth Amendment. *United*

---

** Although the district court determined that both the investigatory stop and the subsequent detention of Mr. Crespin were reasonable, Mr. Crespin's appeal focuses entirely on the stop itself. Accordingly, we limit our review to the reasonableness of the investigatory stop.

*States v. Cortez-Galaviz*, 495 F.3d 1203, 1205 (10th Cir. 2007).

In the present case, Officer Ken Huckaby, an Ogden, Utah police officer, was dispatched to a crime scene in response to a third-party complaint that a Hispanic male, dressed in a white t-shirt and hat, had shot at a green Volkswagen Jetta, and then left the scene on foot. Officer Huckaby testified that he arrived at the scene–an area renowned for a "large amount of crime"–within two minutes of his dispatch. *See* Aplt's Br. at 3.

Upon arrival, he observed "individuals dressed in gang attire with shaved heads climb into [a] minivan." *See* Rec. vol. I, doc. 37, at 5. Officer Huckaby testified that he saw "no other activity and no one else leaving the area." *Id*. at 6. Officer Huckaby noticed that one of the minivan's passengers "look[ed] like the person that [he] had been after for a while that had felony warrants." *Id*. He also recognized "[another passenger] as a known gang member." Rec. vol. I, doc. 27, at 2. Upon seeing Officer Huckaby's marked police vehicle, "all occupants of the minivan reacted with the 'oh crap look,' resembling 'somebody that's got something to hide.'" Aplee's Br. at 12 (quoting Rec. vol. II, at 13 (Tr. of Sept. 28, 2007 Evid. Hr'g)).

As the Supreme Court instructed in *United States v. Arvizu*,

> When discussing how reviewing courts should make reasonable-suspicion determinations, we have said repeatedly that they must look at the "totality of the circumstances" of each case to see whether the detaining officer has a "particularized and objective basis" for suspecting legal wrongdoing. This process allows officers

4

> to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person.

534 U.S. 266, 277-278 (2002) (internal quotations omitted).  Taking into account the facts known to Officer Huckaby, and the conclusions of the district court, we conclude that the totality of the circumstances in the instant case gave rise to reasonable suspicion sufficient to constitutionally justify an investigatory stop. Even though "each of these factors alone [may be] susceptible to innocent explanation, and some factors are more probative than others[, t]aken together, we believe they sufficed to form a particularized and objective basis for . . . stopping the vehicle, making the stop reasonable within the meaning of the Fourth Amendment."  *Id.* at 277-278; *see also Illinois v. Wardlow*, 528 U.S. 119, 124 (2000) ("[N]ervous, evasive behavior is a pertinent factor in determining reasonable suspicion."); *United States v. DeJear*, 552 F.3d 1196, 1201 (10th Cir. 2009) ("[T]he fact that conduct occurs in an area known for criminal activity [is an] appropriate factor[] to consider in determining whether reasonable suspicion exists.").  Accordingly, we **AFFIRM** the district court's denial of Mr. Crespin's motion to suppress, and we **AFFIRM** his sentence and conviction.

Entered for the Court


Robert H. Henry
Chief Judge

5